MATTER OF ANNA E. GRANT. 491

Misc. 491]     Surrogate's Court, New York County, February, 1924.

In the Matter of the Estate of ANNA E. GRANT, Deceased.

Surrogate's Court, New York County, February, 1924.

**Wills — construction — right to withdraw principal from a trust fund a personal one and cannot be exercised by the committee of the beneficiary.**

Where it is clear from the will that the testatrix made the election to withdraw sums from the principal of a trust fund purely personal with her daughter, the beneficiary of the trust, the committee of the person and estate of the daughter, appointed many years after the death of the testatrix, may not make such election.

PROCEEDINGS to settle accounts of trustee and to construe a will.

*King, Lane & Trafford,* for petitioner.

*Irving J. Joseph,* special guardian.

*Perkins & Butler,* for committee.

O'BRIEN, S.   The testatrix provided in her will, among other things, the following with respect to her daughter:

" 4. I direct my Executors to deposit with the Union Trust Company or the United States Trust Company as they may see fit securities to the extent of Eighty thousand dollars ($80,000) upon the following trusts that is to say:

" (a) To hold, manage, invest and reinvest the principal of said fund and to pay the net annual income thereof from time to time as the same may become due and payable to my daughter, Ada Schmalholz, wife of Theodore Schmalholz, for and during the term of her natural life, for her sole and separate use and free from all control or management of her husband.

" (b) To permit and allow my said daughter, Ada Schmalholz, to withdraw from time to time, for her own use and benefit and free from the control of her husband as aforesaid and upon her individual receipt any part or parts of the said principal sum not exceeding Four thousand dollars ($4,000) in any one year.

" (c) Upon the death of my said daughter to pay and distribute the principal sum remaining in their hands, and any accumulated interest or income thereof to and among any child or children born to my said daughter, or in the event of her dying without leaving any child or children, then

" (d) To pay and distribute the said principal sum among and between my nearest of kin, according to the statutes in such cases made and provided."

During many years after the death of the decedent the daughter elected to make withdrawals from the principal sum in addition to the income that she received therefrom, in accordance with the above provision. On the 15th day of May, 1923, said daughter was judicially adjudged to be an incompetent, and her second husband, William F. Blakeney, was duly appointed committee of her person and estate. The principal of the trust fund now in the hands of the trustee is $4,462.89, and the husband, as committee of the person and estate of the incompetent, seeks to withdraw the sum of $4,000 principal under the above provisions of the will, maintaining that he, as the committee, has the right to elect to do so, just as the incompetent formerly had.

A construction of this clause of the will has thereupon been sought in this accounting by the trustee, and the question has been raised whether, under the terms of the will above quoted, the committee has the power to make this election and demand said sum out of the principal amount.

From a careful reading of the entire will it is clearly apparent that the testatrix made the election to withdraw sums from the principal of the trust fund purely personal with the daughter, the beneficiary of the fund. It is clear that the testatrix was very solicitous that no one else have the right to make such election, and desired to confine that privilege exclusively to her said daughter.

Although the committee of the person and estate of an incompetent has the same control and possession thereof and the right to deal therewith as the incompetent enjoyed before he was found to be of unsound mind (*Viets* v. *Union Nat. Bank of Troy*, 101 N. Y. 563), this right applies only to ministerial acts. *Matter of Wainman*, 121 Misc. Rep. 318. It has been held in other instances, particularly in cases of election to take dower, that, as the right is a personal one, the committee may not elect on behalf of the incompetent (*Flynn* v. *McDermott*, 183 N. Y. 62; *Camardella* v. *Schwartz*, 126 App. Div. 334), and also in case of an action to annul a marriage, the right being a personal one, could not be exercised by the committee for the incompetent. *Mainzer* v. *Avril*, 108 Misc. Rep. 230. Accordingly, I hold that the committee may not make this election.

Proceed with the accounting accordingly.

Decreed accordingly.