Maximilian Moss, S.
Testator’s will gave his daughter, Miriam C. Adams, the power to appoint the principal of a trust. Exercising the power, her will established a further trust for the benefit of her son “ for and during his life, subject to the right of my said son to withdraw principal ’ ’, permitting him to withdraw one half thereof at any time after he attained the age of 30 years and the whole at any time after he attained the age of 40 years upon his ‘ ‘ written demand therefor signed by him and duly acknowledged ”. During the continuance of the term of the trust, testator’s said daughter authorized and empowered the trustee in its absolute and uncontrolled discretion to pay the beneficiary or to apply to his use such portions of the principal as it might deem proper whenever ‘ ‘ by reason of an emergency or unusual requirement the income is insufficient or the expenditure of principal would be for his best interest.”
The son is now over the age of 30 years and is incompetent. The guardian appointed for him by a sister State has demanded of the trustee payment to it on behalf of its ward of one half of the fund. The special guardian appointed for said son in this intermediate accounting by the trustee asks this court to elect for the incompetent to take one half of the principal at this time and to authorize him as special guardian to make a formal demand therefor.
Without determining the question, the court will assume, arguendo, that the guardian and the special guardian have *174 standing to pray for the relief sought and further that this court has power to grant that relief. The threshold question is whether, under the will of the donee of the power, such a course is permissible (Matter of Grant, 122 Misc. 491; Matter of Harris, 193 Misc. 919). While in all probability she did not forsee the precise situation which has come to pass, nonetheless she did indeed foresee .the possibility of “ an emergency or unusual requirement”, language so encompassing that it includes much more than her son’s present unfortunate condition. Under such circumstances, testator’s daughter as donee of the power directed that the trustee appointed by her, and not a guardian appointed by another, shall use the principal of the trust if it should be for the best interest of her son. From this it must be inferred that the right of her son to withdraw the principal is limited to his own informed, intelligent, conscious and considered act evidenced by his written demand duly acknowledged, a right so purely personal to him that its performance is neither within the prerogatives of a guardian or the power of a court. The motion is denied. The objections of the Girard Trust Corn Exchange Bank are dismissed.
Settle order on notice.