■ CHARLES WERBELOVSKY, Respondent, v. MANUFACTURERS TRUST COMPANY et al., Defendants, and JENNIE HERTZSTEIN, Appellant.— In an action by a surviving settlor of an *inter vivos* trust: (a) to terminate the trust; (b) to declare the trust void; or (c) to invade the trust principal in order to provide adequately for the care and support of the trust's life beneficiary, the defendant, Jennie Hertzstein, one of the remaindermen-beneficiaries, appeals: (1) from an order of the Supreme Court, Kings County, dated July 8, 1959, denying her motion for judgment on the pleadings dismissing the complaint on the ground that it fails to state facts sufficient to constitute a cause of action; and (2) from another order of said court, dated the same day, granting plaintiff's motion for summary judgment striking out the answer. Orders reversed, upon the law, with one bill of $10 costs and disbursements; said defendant's motion for judgment on the pleadings granted and complaint dismissed; and plaintiff's motion for summary judgment denied. Questions of fact have not been considered. The trust instrument does not contain any power in a surviving settlor to revoke the trust. In such event, this plaintiff may not bring an action either to revoke or terminate the trust (*Culver* v. *Title Guar. & Trust Co.*, 296 N. Y. 74), nor to enforce the trust (2 Scott, Trusts [2d ed.], § 200.1; 1 Bogert, Trusts and Trustees, § 42), nor to construe the trust (*Levy* v. *Hart*, 54 Barb. 248, and cases there cited). In any event, the first cause of action to terminate the trust is insufficient because it is based on the claim that the remainders are contingent. In our opinion they are vested (*Healy* v. *Empire Trust Co.*, 276 App. Div. 305, affd. 301 N. Y. 620; *Stringer* v. *Young*, 191 N. Y. 157). The second cause of action to declare the trust void is insufficient because it is based on the claim that there is an unlawful and improper accumulation of income and because the trust violates the Statute against Perpetuities. Neither contention is valid. There is no provision in the trust instrument which directs the accumulation of income, and there is only one life involved. The third cause of action to invade the trust principal is insufficient because it is based on the claim that trust principal may be invaded. Where there is no power to invade principal given by the trust instrument, the courts have no power to direct such invasion, even where economic circumstances would warrant the exercise of such discretion (*Matter of Sullard*, 247 App. Div. 761; *Matter of Barnett*, 182 App. Div. 926, affd. 226 N. Y. 692; *Brandt* v. *Continental Bank & Trust Co.*, 43 N. Y. S. 2d 255, affd. 267 App. Div. 890; *Matter of Solomon*, 149 Misc. 551). Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.