Saul S. Streit, J.
This proceeding was brought on by Miriam C. Butler, the grantor of an inter vivos trust, for an order construing the said trust “so as to determine and define the rights and powers of the grantor to revoke said trust in whole or in part, in which latter event, for a sum of money from the principal of the aforesaid trust of not less than Seventy Thousand Dollars ($70,000.).”
The basis for the revocation sought in this proceeding is that the trustee has refused to grant such revocation. It is alleged that the money sought is necessary to maintain the petitioner in the standard of living as befits members of her family and as she has been accustomed to living. The petitioner further alleges that she has incurred debts to sustain herself with respect to necessities of life, and is faced with legal actions and court suits.
The petition seeks a revocation in whole or in part of the trust. Article 11 of the trust agreement provides: ‘ ‘ The trust created by this instrument shall be irrevocable and this instrument may not be altered or amended in any respect.” The trust instrument, therefore, does not contain any power to *226 revoke the trust. In such event, this petitioner may not bring an action either to revoke or terminate the trust (Culver v. Title Guar. & Trust Co., 296 N. Y. 74), nor to enforce the trust (2 Scott, Trusts [2d ed.], § 200.1; Bogert, Trusts and Trustees, § 42), nor to construe the trust (Levy v. Hart, 54 Barb. 248 and cases there cited).
Section 23 of the Personal Property Law precludes the settlor from revoking the trust without securing the consent of her issue (Graham v. Manufacturers Nat. Bank of Troy, 261 App. Div. 46).
The petitioner refers to but does not in effect charge the trustee with an unreasonable and arbitrary exercise of discretion in executing the provisions of the trust with respect to her support.
Where there is no power to invade principal given by the trust instrument, the courts have no power to direct such invasion, even where economic circumstances would warrant the exercise of such discretion (Matter of Sullard, 247 App. Div. 761; Matter of Weed, 182 App. Div. 926, affd. 226 N. Y. 692; Brandt v. Continental Bank & Trust Co., 43 N. Y. S. 2d 255, affd. 267 App. Div. 890; Matter of Solomon, 149 Misc. 551).
The trust agreement reads: “1. The Trustee shall pay the net income to me during my life, or apply the same to my use, together with so much of the principal as the Trustee shall deem advisable from time to time for any reason whatsoever, having in mind only my interests and welfare and not the interests of the remaindermen hereunder, and without regard to any other income or resources I may have.” (Italics ours.)
Where, as indicated above, paragraph 1 of the trust agreement gives the trustee discretionary power with respect to the use of the income and principal for the benefit of the settlor, the court will not interfere with a reasonable exercise of discretion on the part of the trustee. The court, however, will control the exercise of such discretion so as to prevent arbitrary action or bad faith (Anderson v. Hinrichs, 266 App. Div. 863; Collister v. Fassitt, 163 N. Y. 281, 292).
The issue of arbitrariness or bad faith is not now before the court in this proceeding to revoke the trust. Should such issue be presented to the court in a proper proceeding, the court will make a finding with respect to any alleged abuse of discretion.
Accordingly, the motion to revoke is denied without prejudice to a proceeding to compel the trustee to properly exercise its discretion pursuant to the trust agreement.