Joseph Life, J.
Two defendants and the plaintiff in this action move for summary judgment.
The complaint sets forth two causes of action. In one, the infant plaintiff seeks to recover the proceeds of a policy of life insurance written on the life of his deceased father. He moves for summary judgment on that cause of action against the Metropolitan Life Insurance Company and the widow.
*295 In the second cause of action he alleges a claim against the New York Telephone Company, the deceased father’s employer, the widow and the estate. His claim here is inartfully drawn. However, enough is disclosed so that a basis for relief is revealed.
The New York Telephone Company moves for summary judgment dismissing the complaint against it or in the alternative for an order permitting it to deposit “unpaid sickness disability benefits” and “sickness death benefits” with the court to await final determination of the action and upon such deposit to be relieved from further liability and from participation in the action.
The defendant Madeline L. Leigh, widow of the decedent, moves for summary judgment on both causes of action and upon her cross claims against Metropolitan Life Insurance Company and the New York Telephone Company. Thus all issues among the parties are presented to the court for summary determination.
The motions which were submitted on the same day have been considered together and are determined by this memorandum.
On May 6, 1965, prior to being divorced, plaintiff’s parents entered into an agreement of separation (which, though referred to, has not been submitted on this motion). Approximately one year before his death on February 12, 1967, the father remarried. Because the references in plaintiff’s papers to the terms of the agreement respecting the infant’s interest in the proceeds of the life insurance are in conflict, it cannot be determined what provision the decedent had contracted to make for his son as beneficiary or owner of the policy here in issue. Therefore, plaintiff’s motion must be denied because the facts disclosed do not warrant granting the relief sought (CPLR 3212, subd. [b]). Of course agreements made by a decedent with respect to proceeds of life insurance policies are enforcible (Matter of Granwell, 20 N Y 2d 91). However, the court is of the view that the disposition of plaintiff’s first cause of action must await a trial.
The second cause of action concerns sickness and death benefits payable under the New York Telephone Company’s “ Plan for Employees’-Pensions, Disability Benefits and Death Benefits ”. The company premises its claim for judgment on the fact that the benefit committee, appointed by the president and board of directors of the company and entrusted with the administration of the plan, has made a determination which is conclusive on all parties in all respects. The affidavits and *296 memorandum submitted on behalf of the company reveal that the committee erred in its construction of the plan. The committee was of the mistaken belief that payment to the widow was mandatory. The fact is that the scheme of the plan was designed to permit the committee to exercise a wise discretion in benefitting those persons who were the natural objects of the employee’s concern and dependent upon him for support (Plan, § 7, subd. 4). The affidavit submitted for the company cites the relevant portion of the plan (§ 7, subd. 4) as follows:
11 4. The persons who may be beneficiaries of the Accident or Sickness Death Benefit or of payments on the death of a pensioner hereunder are limited to the wife (or husband) and the dependent children and other dependent relatives of the deceased. The amount to be paid in each case and the beneficiary or beneficiaries who shall receive the same, and the share which each shall receive, shall be determined by the Committee, subject to the following provisions and to the provisions of Paragraphs 3 and 5 of this Section.
“a. In the event of death by accident the maximum Accident Death Benefit specified in Paragraph 1 of this Section, or in the event of death by sickness, the maximum Sickness Death Benefit specified in Paragraph 2 of this Section, shall be paid, subject to the provisions of sub-paragraph (c) of this Paragraph 4, to the wife of the deceased employee if living with him at the time of his death ’ ’. The italics are supplied by the company. However, the subdivision continues as follows: ‘ ‘ to the husband of the deceased employee, if physically or mentally incapable of self-support and actually supported in whole or in part by the deceased employee at the time of her death; or to the child or children of the deceased employee under the age of eighteen years (or over that age if physically or mentally incapable of self-support) who were actually supported in whole or in part by the deceased employee at the time of death. If the employee leaves both wife (or husband) and a child or children, as here described, the Committee, in its discretion, may pay the Death Benefit to or for any one or more of such possible beneficiaries in such portions as it may determine.” Thus it is apparent that the committee was authorized to pay the fund to the widow or a child or to both of them in such portions as it might determine after ascertaining all relevant facts.
It is also urged that the plan was voluntary and noncontributory. However, that does not defeat the employee’s right to enforce payment of the benefit, even if he be discharged, *297 when his right thereto has accrued (Plan, General Provisions, §8).
Since we may award summary judgment to a party other than the moving party (CPLR 3212, subd. [b]) plaintiff may have judgment directing that the determination for the payment of benefits made by the New York Telephone Company through its benefit committee is annulled and that the company proceed to determine the matter in accordance with the terms of the plan.
What this court is doing at this time is to direct that the committee use the discretion entrusted to it. This does not include a direction as to how that discretion should be exercised.
It may be noted that the minutes of the meeting of the benefit committee held on April 11, 1967, reveal that all of the facts which the committee might have had before it to make its determination were not obtained. Undoubtedly this was because the committee was of the opinion that it did not have any choice to make. It needs no extended discussion to prove that the plan was a trust and the committee trustees thereunder. A court may not interfere with the reasonable exercise of discretion by trustees but the rule changes when it is shown that the trustees’ determination has been arbitrary or made in bad faith (Matter of Butler, 29 Misc 2d 225; Collister v. Fassitt, 163 N. Y. 281) and a court of equity in a “proper case and upon equitable principles ” is not precluded from directing “ the manner in which trustees shall perform their duties” (Matter of the City of New York v. Schoeck, 294 N. Y. 559, 569; Matter of Bruns, 156 Misc. 873). There is no need for such action presented here.
The company, in its memorandum, referred the court to the decision in Clark v. New England Tel. & Tel. Co. (229 Mass. 1). That court, in considering a similar employees’ plan, determined that although the plan was voluntary, it nevertheless created a contractual obligation moving from the company to its employees. The court said (pp. 8-9) that where the “ plan is executed in good faith, no sound reason appears why its terms should not govern the rights of the parties ” though “ The methods of investigation of claims and general principles followed by the committee in the performance of their duties must be fair and reasonable.” This decision is in harmony with the views there expressed.