*24 OPINION OF THE COURT
Renee R. Roth, S.
Incident to their final account, the trustees of an inter vivas trust seek an order authorizing the distribution of all the trust assets to the California-appointed conservator of the property of the income beneficiary.
In 1975, Thomas W. Buckner created a trust, to be governed by New York law, for the benefit of his son, Robin T. Buckner. Under article 1 of the agreement, the trustees are to pay the entire net income to Robin and may also distribute to him or apply for his benefit so much or all of the principal as they deem advisable. Robin is now 23 years old and, because of certain disabilities, resides at a Pennsylvania facility for young adults. These disabilities occasioned the appointment of a conservator of Robin’s property in California, where his mother resides.
The trust terminates on the happening of any of the following events: Robin reaching 35 years of age, at which time the entire fund is distributable to him; Robin dying before reaching age 35, in which event the remainder goes as he appoints under a general testamentary power of appointment or, in default of such appointment, to his issue or, if he has none, to the grantor’s issue; or Robin’s exercise of his right to terminate the trust, by written notice delivered to the trustees, within one year after he attains age 21, in which event the trust property is distributable to him.
Robin was 21 on April 19, 1990. The conservator of Robin’s property, The Bank of New York Trust of California, purported to exercise Robin’s right to terminate the trust by written notice to the trustees dated April 12, 1991. The trustees are willing to comply with the notice if authorized to do so by this court. In the alternative, the trustees are willing to exercise their broad discretion under the trust instrument and distribute the balance of the trust corpus (approximately $209,000) to Robin’s conservator.
The question presented is whether Robin’s right to terminate the trust can be exercised on his behalf by the conservator of his property. Petitioners have not cited any statute or case directly on point. The only relevant cases involve committees. These cases are helpful because a conservator, as a general rule, has all the rights and duties of a committee with regard to the conservatee’s property, including the authority to assert the conservatee’s rights (Mental Hygiene Law *25 § 77.19). It is noted that under a recent amendment to the Mental Hygiene Law (art 81, added by L 1992, ch 698, § 3, eff Apr. 1, 1993), the law governing the appointment and powers of fiduciaries for mentally disabled persons has been radically changed. Under the new statute, conservators and committees are replaced by a guardian, who will be granted by the court, on an individual basis, those powers suitable to the needs of the person under disability.
Turning now to the above-mentioned cases, the Court of Appeals observed in 1934 that although a committee may ordinarily assert the incompetent’s rights, court approval is necessary if the exercise of such a right also involves the waiver of another right, i.e., if the committee is in effect electing between two rights (Matter of Hills, 264 NY 349). The court in Hills also indicated that this approval must come from the court which appointed the committee.
Here, the conservator is electing between two benefits, namely, an interest in trust and an outright interest in the trust property. At first glance, there does not seem to be a waiver of rights involved in this choice. It would appear on the surface that an outright interest in property is always preferable to an interest in trust. However, in many instances a discretionary trust is the preferred means of providing for a person under a disability. A distribution to the conservator-ship account could impact adversely on Robin’s right to receive various government or other benefits. Also, such a termination could adversely affect Robin’s income tax liability. Furthermore, the conservator may have a personal interest in receiving the trust property, namely, the right to commissions on the assets.
Although in the past several courts have held that a right of withdrawal was intended to be personal to the incompetent and could not be exercised by a committee (see, Matter of Comey, 12 Misc 2d 172; Matter of Harris, 193 Misc 919; Matter of Grant, 122 Misc 491; but see, Matter of Butler, 29 Misc 2d 225), these cases appear to rest on their particular facts and none suggests that the committee cannot exercise a power to draw down principal if needed, for example, for the incompetent’s maintenance (see, Matter of Harris, supra). It is thus concluded that, absent a contrary intention in the governing instrument, a conservator may exercise the conservatee’s power to withdraw principal or even terminate a trust but such power may be exercised only with court approval.
*26 This conclusion is supported by the legislative intent, manifest in the new article 81 of the Mental Hygiene Law, that authorizes the Supreme Court to provide any of a broad range of powers to a fiduciary for a person under a disability. Section 81.01 states the legislative findings and purpose as follows: "The legislature hereby finds that the needs of persons with incapacities are as diverse and complex as they are unique to the individual. The current system of conservator-ship and committee does not provide the necessary flexibility to meet these needs.”
In keeping with this statement of purpose, the statute provides a list, specifically not intended to be exclusive, of powers which may be granted to a guardian. These powers include the right to make gifts, exercise powers of appointment and enter into contracts. From the broad nature of these powers, it seems apparent that the Legislature intended to give the courts the greatest possible flexibility in designing these new guardianships.
It is observed that although under new section 81.18 of the Mental Hygiene Law, as under present law, the Supreme Court will have the authority, in its discretion, to grant powers to a foreign guardian with respect to the ward’s New York property, it is questionable whether a New York court would choose to exercise such discretion where the appointing court is clearly better situated to decide whether such powers are appropriate. In this case, the California court is in the best position to evaluate the needs of the conservatee (see, Matter of Hills, supra) and is already familiar with his other assets. Furthermore, the California court is the best forum to evaluate the impact of trust termination on such factors as government benefits, fiduciary compensation and the ultimate disposition of the trust assets after Robin’s death.
It is therefore concluded that, if Robin’s conservator wishes to exercise Robin’s power to withdraw principal, approval must be obtained from the California court which made the appointment.
Finally, we turn to the alternative suggested by the trustees. In the instant case, they have full discretion to invade trust principal for Robin’s benefit and have indicated a willingness to distribute the entire fund. Since the trustees have the widest discretion legally permissible, including the express authority to pay over to a conservator, this court’s approval of such a termination is not required. It is noted that the *27 guardian ad litem for Robin has consented to the funds being paid to the conservator and none of the interested parties has objected.
Whether the trustees exercise their discretion to terminate the trust or the conservator exercises Robin’s drawdown power after authorization by the California court, the trustees are directed to supplement their account to show the termination of the trust. In either event, the trustees are further directed to submit proof that the conservator is authorized to receive such funds (including, if appropriate, proof that exercise of the drawdown power was duly authorized) and that it has either posted sufficient security to cover the distribution or that security has been waived by the appointing court.
The account, otherwise being proper, shall be approved as supplemented.