WILFORD LINSLY, as Executor, etc., of JOHN H. LINSLY, Deceased, Plaintiff, *v.* STEPHEN G. BOGERT, as Trustee, etc., of RICHARD J. MORGAN, Deceased, and Others, Respondents; ANN AUGUSTA LINSLY, Appellant.

*Life tenant, entitled to the "increase" of a trust fund — at what time the "increase" is to be determined.*

Where by the terms of a will the life tenant of a fund thereby created is entitled to the increase realized on the principal of the fund, it does not accrue to her nor to her estate until the expiration of her life tenancy, before which time it would be impossible to ascertain the amount of the increase or the existence of any.

In such case all the gains when realized on the trust fund do not immediately belong to the life tenant, nor should all losses be charged to the *corpus* of the trust fund.

APPEAL by the defendant, Ann Augusta Linsly, from that portion of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 12th day of December, 1894, upon the report of a referee, which adjudges that the appellant is not entitled to receive under the eighth clause of the will of Richard J. Morgan, deceased, any portion of the sum of $36,427.68, increase or profit realized by the trustees upon the sale of certain securities, and which adjudges and decides that such increase or profit shall be held and retained by the said trustees as an accretion to and increase of the *corpus* of the trust estate.

*Ira D. Warren,* for the appellant.

*W. V. Rowe,* for the respondents.

VAN BRUNT, P. J. :

We might very well rest our decision in affirming the judgment appealed from upon the exceedingly satisfactory opinion written by the learned referee upon the decision of the question involved before him. It may be well, however, to revert to one or two points in addition to those which have been considered by the referee.

**138**        LINSLY *v.* BOGERT.

If the tenant for life as a matter of right is entitled, as is claimed by the appellant, to the increase resulting from the rise in price of the securities in which the trust fund was invested, then it would. seem to be a right existing in the life tenant at any time when such premiums existed to compel a sale of the security in which such. trust fund was invested in order that she might realize such increase. It is apparent that no such right exists in the life tenant.    Such a power would enable the life tenant to compel the trustees to specu- late in securities and change investment at her pleasure, and thus. deprive the trustees of the ordinary powers which are supposed to be vested in them.   It has been well observed by the referee in his opinion that even if by the terms of the will the life tenant was. entitled to the increase realized on the principal of the fund, it. could not accrue to her or her estate until the expiration of her life tenancy, as before that time it would be manifestly impossible to ascertain the amount of such increase or even the existence of any. The present transactions may show a gain, but the next investment: may be unfortunate and involve a loss.   It is manifest that it was. not the intention of the testator that all gains when realized should belong immediately to the life tenant and that all losses should be: charged to the *corpus* of the fund.   It is apparent that the testator intended the provisions of the will under consideration for the bene- fit of a tenant for life, to be enjoyed during such life, and not for the benefit of the personal representatives of a person who has been, a tenant but whose term must be ended by death before the question. of whether there is an increase or not can be determined.

We think, therefore, that the judgment appealed from should be affirmed, with costs.

Follett and Parker, JJ., concurred.

Judgment affirmed, with costs.