DALE v. GUARANTY TRUST CO. OF NEW YORK. (No. 7404.)

(Supreme Court, Appellate Division, First Department. June 18, 1915.)

TRUSTS ☞154—LIFE BENEFICIARY'S ACQUISITION OF REMAINDER INTEREST—
MERGER—PAYMENT.

Under Personal Property Law (Laws 1897, c. 417) § 3, as amended by Laws 1903, c. 87, providing that the right of the beneficiary to receive the income from personal property and to apply it to the use of any person cannot be transferred by assignment or otherwise, and that when a beneficiary of the income of personal property in trust is entitled to a remainder, subject to his beneficial life interest, he may release his interest in the income, whereupon the estate of the trustee in the remainder shall cease, and the trust estate merge in such remainder, a testamentary trust, entitling the beneficiary to life income of personalty, was not destroyed or merged into the remainder by his acquisition of the remainder interest, so that he could not compel the trustee to pay over the fund.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 199; Dec. Dig. ☞154.]

Action by Alfred G. Dale against the Guaranty Trust Company of New York, as trustee of the estate of Annie K. Dale, deceased. Submission of controversy on an agreed statement of facts. Judgment directed for defendant, dismissing plaintiff's claim.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

George P. Breckenridge, of New York City, for plaintiff.
Stetson, Jennings & Russell, of New York City, for defendant.

DOWLING, J. The testatrix, Annie K. Dale, was the widow of Ansel N. Kellogg when she married plaintiff. By her last will and testament she had left the sum of $150,000 to her executor in trust to invest the same and apply the net income thereof to the use of her husband, the plaintiff, during the term of his natural life, in quarterly payments, and the principal upon his death was to become part of her residuary estate. By a codicil she revoked this provision and substituted therefor the following:

"First. I revoke the first clause of my said will which makes provision for a trust fund for the benefit of my husband, and in lieu thereof, I give and bequeath to my executor the sum of fifty thousand dollars in trust to invest and keep the same invested and to apply the net income thereof to the use of my husband Alfred G. Dale, during his natural life, said fund upon his death to revert to my estate."

The residuary clause of her will was as follows:

"Seventh. All the rest, residue and remainder of my estate, real and personal, including the principal of said trust fund for the benefit of my husband, I give, devise and bequeath to be equally divided per stirpes and not per capita among the next of kin of my late husband Ansel N. Kellogg in the same manner and proportions as if he had died seized and possessed thereof at the time of my decease intestate in accordance with the law of distribution of the State of New York."

The defendant is executor and trustee of and under said will. Plaintiff was dissatisfied with the terms of the will in so far as it made pro-

vision for him, and announced his intention of filing objections to the probate thereof. He had a personal claim against the estate in the sum of $125,000. Thereupon a settlement was entered into between plaintiff, as party of the first part, and all the residuary legatees and remaindermen, as parties of the second part, whereby plaintiff was to be paid the sum of $115,000, out of the funds of the estate, and in addition the parties of the second part sold, assigned, transferred, and set over unto plaintiff—

"all their and each of their right, title and interest in and to said trust fund of $50,000 under said will and codicils, of which trust fund the party of the first part has the life use. The parties of the second part hereby intend to and hereby do convey, transfer and release to the party of the first part all and every right, title and interest which they have, or may have, to said trust fund and furthermore authorize, empower, and direct the executor of the will of said Annie Kellogg Dale or its successors, or any administrator appointed by the court, to pay over said fund of $50,000 to the party of the first part absolutely."

In consideration of such compromise, plaintiff consented to the probate of the will and codicils.

Plaintiff has been paid the sum of $115,000 but the defendant trustee refuses to pay over the trust fund of $50,000, on the ground that it cannot lawfully do so, but must continue to hold it and to pay over the income therefrom to plaintiff during his life, and that it cannot lawfully pay over the principal of said fund until plaintiff's death. Plaintiff contends that the trust should be dissolved and the amount thereof paid to him at once.

The question present is whether the interest of the beneficiary of a trust to receive the income of personal property for life can be transferred or merged in the remainder, so as to terminate the trust, in whole or in part, and justify the payment of the principal of the fund at once to the person in whom are vested both the life estate and the remainder.

The earlier state of the law on the question of the abrogation of continuing trusts is stated in Lent v. Howard, 89 N. Y. 169:

"Whatever view may be taken of the general jurisdiction of courts of equity, in the absence of any statutory or legislative policy, to abrogate continuing trusts, created for the purpose of providing a sure support for the widow or children of a testator, or other beneficiary, the indestructibility of such trusts here, by judicial decree, results, we think, from the inalienable character impressed upon them by statute. The beneficiaries, of trusts for the receipt of the rents and profits of land, are prohibited from assigning or disposing of their interest (1 R. S. 729, § 63), and this provision is held to apply, by force of other sections of the statute, to the interest of beneficiaries in similar trusts of personalty (Graff v. Bonnett, 31 N. Y. 9, 88 Am. Dec. 236). This legislative policy cannot, we think, be defeated by the action of the court permitting such alienation, or abrogating the trust. See Douglas v. Cruger, 80 N. Y. 15."

By the Personal Property Law (chapter 417, Laws 1897), it was provided:

"Sec. 3. Income of Trust Fund Not Alienable; Merger.—The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person, cannot be transferred by assignment or otherwise; but the right and interest of the benefi-

ciary of any other trust in personal property may be transferred. Whenever a beneficiary in a trust for the receipt of the income of personal property is entitled to a remainder in the whole or a part of the principal fund so held in trust, subject to his beneficial estate for a life or lives, or a shorter term, he may release his interest in such income, and thereupon the estate of the trustee shall cease in that part of such principal fund to which such beneficiary has become entitled in remainder, and such trust estate merges in such remainder."

The second sentence of this statute would have been applicable to the state of facts here present, and would have justified the plaintiff's contention that he was entitled to the trust fund upon executing the release provided for. But this section was amended by chapter 87, Laws 1903, so as to read as follows:

"Sec. 3. The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person, cannot be transferred by assignment or otherwise. But the right and interest of the beneficiary of any other trust in personal property may be transferred."

The same provision, in the identical language, is embodied in the present Personal Property Law (chapter 45, Laws 1909; Consol. Laws, c. 41, § 15). The effect of the amendment of 1903 is thus stated in Fowler's Personal Property Law (page 89):

"The interests of a beneficiary in a trust to receive and apply the income of personal property have since the passage of chapter 87 of the Laws of 1903, again become as inalienable as they were held to be under the Revised Statutes and section 83 of the former Real Property Law. This section is now an explicit restoration of the former law of this state making certain trusts interests inalienable, as we have before noticed at length. But this section, it will be observed, applies only to trusts to receive and apply income to the use of beneficiaries specified and not to other trusts."

See, also, Metcalfe v. Union Trust Co., 181 N. Y. 39, 73 N. E. 498.

As, under the law in existence at the time of decedent's death and the probate of her will, the interest of plaintiff was inalienable, either by assignment or otherwise, not even his acquisition of the remaindermen's interest could operate to destroy the trust under which he was entitled to the life estate only, nor terminate in any way his life estate, nor enlarge it into absolute ownership of the whole fund. He is entitled to the life estate; he owns the remainder; but there is no merger of the two, operating to destroy the trust, in view of the prohibition of the statute.

Judgment is therefore directed in favor of defendant dismissing the claim of the plaintiff, without costs. All concur.