Matter of the Estate of BENJAMIN FRANKLIN LEE, Deceased.

(Surrogate's Court, New York County, February, 1921.)

Wills — construction of — when trust cannot be terminated by merger — Personal Property Law, § 15.

> Where testator, whose estate consisted solely of personal property, gave one-half of it to his executors in trust for the benefit of his daughter for life or until her marriage, the trust is indestructible under section 15 of the Personal Property Law, and her interest in the income cannot be transferred or merged in the remainder so as to terminate the trust.

> Where the sons of testator predeceased him, the claim of the daughter, his only surviving child, who is still unmarried, to be presently entitled to the possession and enjoyment of the entire estate because of an alleged merger of her interest as sole beneficiary and remainderman, will be denied.

> While she is immediately entitled to one-half of the estate a successor trustee of the other half will be appointed.

PROCEEDING upon the judicial settlement of the accounts of a trustee.

James T. Kilbreth, for petitioners.

Henry G. Schackno, for Caroline King Lee.

FOLEY, S.  On this accounting a question of construction arises.  A fair interpretation of this will is that the testator gave one-half of his estate in trust to his executors to receive and apply the income for

Surrogate's Court, New York County, February, 1921. [Vol. 114.

the benefit of his only daughter during her life or until her marriage. This trust is a trust in personalty only. The daughter is still unmarried and is now the only surviving child of the testator. Her three brothers died after the testator, and she is at present entitled not only to one-half the income, but to the whole remainder. She claims, however, that she is presently entitled to the possession and enjoyment of the entire estate because there was a merger of her interests as sole beneficiary and remainderman. With this contention I do not agree. The trust created by the first codicil was one to receive income and to apply it to her use. Such a trust is indestructible. Pers. Prop. Law, § 15. The interest of the beneficiary of the trust to receive the income for her life cannot be transferred or merged in the remainder so as to terminate the trust, nor can the payment of the principal of the fund to the person in whom are vested both the life estate and the remainder be made. *Dale* v. *Guaranty Trust Co.*, 168 App. Div. 601; *Cazzani* v. *Title Guar. & Trust Co.*, 175 id. 369; affd., 220 N. Y. 683; *Matter of Wentworth*, 230 N. Y. 176. The sole surviving trustee having died, the Central Union Trust Company of New York will be appointed successor trustee of the one-half of testator's estate provided for in the first codicil. Caroline King Lee is entitled to the other one-half immediately. Tax costs and submit decree on notice.

Decreed accordingly.