In the Matter of the Petition of FRANKLIN KENNEDY SPRAGUE for a Determination as to the Construction or Effect of the Disposition of the Property Contained in the Last Will and Testament of FRANK H. SPRAGUE, Deceased.

Surrogate's Court, Westchester County, April 15, 1927.

Wills — construction — testator gave residue of estate to executors in trust to invest and pay income thereof to wife for life and upon her death to testator's son — son was given power of appointment — testator created valid express trust under Real Property Law, § 96 — vesting in trustees of legal title to corpus does not create merger of estate — validity of trust not affected by uncertainty of ultimate disposition thereof.

Testator, who gave the residue of his estate to his executors in trust to invest and pay the income thereof to his wife for life and upon her death to his son, created a valid express trust under section 96 of the Real Property Law. A further provision in the will gave the testator's son a power of appointment over the residue of said trust fund after the death of his mother, to be exercised by him upon his death, but with a direction to the executors to pay the principal thereof to whoever should be designated as the beneficiaries thereof in said son's last will.

The trustees' discretionary power to devote part of the principal of the trust to the use of the son did not operate to make the son the owner in fee of the property.

The fact that the trustees are vested with a legal title to the corpus does not create a merger of the estate by reason of the fact that the beneficiary of the trust is given a power of appointment over the principal thereof, for the title passed from the testator to his trustees and from them to any appointee pursuant to the terms of the will; nor is the validity of the trust affected by the fact that the ultimate disposition of the trust property remains uncertain, for though the number is uncertain, the class is fixed.

PROCEEDING for construction of will.

*Robert E. McLear*, for the petitioner.

*Davison & Underhill*, for the executor and trustee.

SLATER, S. This is a proceeding to construe the will of Frank H. Sprague which has heretofore been admitted to probate by

decree of this court, entered on the 9th day of March, 1927. The 2d, 3d, 4th, 5th, 6th and 7th paragraphs of the will need to be considered. They are as follows:

"*Second.* I direct that my Executors hereinafter named sell and convert into money, all my property, including the lumber business carried on by me but excepting from such sale any real estate the sale of which real estate shall be discretionary with my said executors, and I hereby give, and devise the entire residue of my estate, both real and personal, and whether so sold and converted into money or otherwise, to my Executors and trustees herein named, in trust, to invest the same and keep the same invested in permanent trust securities and, collect the income therefrom and pay the same in quarterly payments to my wife, Elizabeth K. Sprague, during her life and upon the death of my said wife, to continue to keep the same invested and to pay the income thereof in like manner quarterly to my son Franklin Kennedy Sprague, during the term of his life and upon the death of my son, Franklin Kennedy Sprague, after the death of my wife, Elizabeth K. Sprague, then to pay the principal of said trust fund to whoever shall be appointed as the beneficiaries thereof by my said son, Franklin Kennedy Sprague, by his Last Will and Testament. And I hereby give to my said son, Franklin Kennedy Sprague, power of appointment over the said residue of said trust fund, said appointment to be exercised in any Last Will and Testament made by him and said appointment to be exercised only in favor of the lawful wife or lawful descendants of my said son or in favor of any next of kin or relative of my said son related to him upon my side of the family.

"*Third.* In the event of the failure of my son to exercise such power of appointment, I then give, devise and bequeath said residue of my estate to any lawful issue of my said son which may survive, or in default of lawful issue, then to his next of kin related to him upon my side of the family.

"*Fourth.* In the event that my said son Franklin Kennedy Sprague shall die before my wife, leaving lawful issue, it is my will that the trust herein created shall terminate upon the death of my wife and any such trust fund shall thereupon be divided among the lawful issue of my said son Franklin Kennedy Sprague in equal shares.

"*Fifth.* In the event that my said son Franklin Kennedy Sprague shall die before my wife without issue, it is my will that the trust herein created shall cease upon the death of my wife and in that event, I give, devise and bequeath the rest, residue and remainder of said trust fund to the Albany Hospital, of the City of Albany, New York, as a permanent endowment for such bed or beds as it

will support according to the rules and regulations of such Hospital, to be known as the Elizabeth K. Sprague Fund.

"*Sixth.* I hereby give to my Executor and Trustee herein named or to the survivor of them or to either of them which may qualify full power and authority to sell either as Executor or Trustee any and all of the real estate of which I may die seized, whenever in their judgment it may be beneficial to do so and to execute and deliver good and sufficient deeds therefor, the proceeds of such sales to be held under the trusts herein created.

"*Seventh.* If on account of sickness or any other unusual cause, it should be considered necessary in the opinion of my said Trustees, to use any portion of the principal of the trust or trusts herein created to conserve the health and physical welfare of the beneficiaries hereunder, I hereby in such event give to my said Trustees full power and authority in their discretion to pay such portions of the principal of said trust fund or funds to the beneficiaries hereunder, notwithstanding the trusts herein expressed, but I advise my said Trustees that any such action be very carefully considered."

The wife predeceased the testator.

The petitioner contends that the trust attempted to be created by the will is a passive trust; that the title to the property is now vested in Franklin Kennedy Sprague; and that, since the son is entitled to the income and the disposition of the entire estate, he has the absolute ownership.

It is the opinion of the court that the trust comes within the provisions of section 96 of the Real Property Law, thereby creating an express trust. *Cooke* v. *Platt* (98 N. Y. 35, 38) has no application to the will now before the court. The contention that the trustees' discretionary power to devote part of the principal of the trust to the use of the son operated to make the son the owner in fee of the property cannot prevail. (*Matter of Wentworth*, 230 N. Y. 176; *Matter of White*, 125 Misc. 901; affd., 217 App. Div. 750.)

The fact that the trustees are vested with a legal title to the corpus does not create a merger of the estate by reason of the beneficiary of the trust being given a power of appointment over the principal of the trust estate. The title passed from the testator to the trustees and will pass from them to any appointee by virtue of the testator's will. And when exercised it is construed as done by the donor of the power. (*Matter of Flewwellin*, 122 Misc. 256, 259.) The title never vested in the petitioner and cannot pass through him. (*Hirsch* v. *Bucki*, 162 App. Div. 659.) There is a distinction between a case where the legal title to property is vested in a trustee and only the income thereof is turned over to a beneficiary who has a power of appointment by will, and a case where

there is no trustee, but a life tenancy is created with a power of appointment. (*Hume* v. *Randall*, 141 N. Y. 499, 505; Real Prop. Law, § 149.) This rule applies to personal property. (*Cook* v. *Lowry*, 95 N. Y. 103; *Farmers' Loan & Trust Co.* v. *Kip*, 120 App. Div. 347; affd., 192 N. Y. 266; *Dudley* v. *People's Trust Company*, 57 Misc. 230.) In the case of a trust for life with power in the beneficiary to appoint the corpus by will, the title is in the trustee and passes from him to the appointee. The beneficiary has no power to perfect in himself a fee simple estate, or to transfer the property during his lifetime. (Davids' New York Law of Wills, § 819; *Matter of Davies*, 242 N. Y. 196.)

Neither is the validity of the trust affected by the fact that the ultimate disposition of the trust property remains uncertain. The class is fixed — the number only is uncertain. (*Matter of Young*, 242 N. Y. 237.) In the instant case the petitioner is given a power of appointment, specially limited (Real Prop. Law, § 135, subd. 1), and the will provides what disposition is to be made of the residue of the trust in the event that the son fails to exercise such power of appointment. The class who will take over the residue of the estate in the event of the non-exercise of the power of appointment is limited to persons who will answer to the term of general description of the class to be determined at the date when the trust shall cease. The gift over is to the lawful issue of the son, which may survive; there is substituted the next of kin related to the son on the father's side of the family.

The trust set up in the will in the instant case constitutes a valid trust and as stated in *McKinlay* v. *Van Dusen* (76 App. Div. 200, 203): " It does not require the decision of a court of equity to dispel any doubts on the subject, for there is no doubt."

Submit a decision construing the will in accordance with these views, upon notice to counsel for petitioner.