In the Matter of the Estate of ARTHUR P. LENSMAN, Deceased.

Surrogate's Court, Bronx County, May 7, 1930.

APPLICATION by Anna Schatchen for advance payment of part of principal of trust fund in which respondent trustee asks for construction of will.

*Arthur Nayor,* for the petitioner.

*Moses M. Lewis,* for the respondent.

HENDERSON, S.  On this application for a payment of part of the principal of a trust fund, the respondent trustee asks for a construction of the will of the decedent, who died July 7, 1924.

The testator gave one-half of his residuary estate in trust to his trustee to receive and pay the income thereof to his sister, the petitioner, until she attains the age of sixty years or becomes a widow prior to that time.  Upon the happening of either event he gives her the remainder thereof.  Upon her prior death, he gives such remainder to his brother.

The brother consents to such payment, but the petitioner is only fifty-four years old and is still married.

The trust thus created is one to receive the income, rent, revenue and profit thereof and apply them to the use of another person, and is indestructible.  (Pers. Prop. Law, § 15, as amd. by Laws of 1911, chap. 327; Real Prop. Law, § 103.)

The right of the petitioner to receive this income cannot be merged in the remainder, so as to terminate the trust, or so as to

permit payment of any part of the principal to her. (*Matter of Lee*, 114 Misc. 511.)

The purpose of the statute is to permit a testator to provide for the support of an improvident person and to place it beyond the reach of such person to defeat the purpose of the trust by alienating and squandering the principal. (*Matter of Wentworth*, 230 N. Y. 176, 185.) Coupled with this purpose in the present instance is the manifest intention of the testator that his sister should not control any part of the principal during the lifetime of her husband before she reaches the age specified.

The policy of our courts has been to protect trust estates, to carry out the valid will of the testator, and to resist attempts by improvident beneficiaries to obtain their estates outright. (*Matter of Harriman*, 124 Misc. 320, 324; affd., 217 App. Div. 733.) To permit the petitioner to take any part of the principal at this time would be directly in contravention of the wishes of the testator as expressed in his will. The application is denied. Settle order accordingly.