## In the Matter of the Estate of John Hull, Jr., Deceased.

Surrogate's Court, Broome County, July 6, 1931.

*Mangan & Mangan*, for the petitioner.

*Newell, Willsey & Shaffer*, for the executor, People's Trust Company.

BAKER, S.   The question arises, in the proceeding for the final judicial settlement of the accounts of the executor herein, as to whether or not the trust created under the provisions of the last will and testament of said testator has been terminated.

Said testator died March 9, 1928, leaving him surviving Ida E. Hull, his widow, who was about seventy-five years of age at the time of his death, and Elizabeth S. Hull, an only child, who was about forty-five years of age at that time.

After providing for the payment of his debts and funeral expenses, and making a devise of his home to his said widow and daughter as joint tenants, and further providing two general legacies of $20,000 to each of them, his will provided as follows:

"*Fifth.* In the event that my wife, Ida E. Hull and my daughter, Elizabeth S. Hull, both survive me, I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal and wheresoever the same may be, to Peoples Trust Company of Binghamton, in trust, nevertheless, to invest and reinvest the same and to pay the income derived therefrom at least semi-annually to my said wife and daughter equally, share and share alike.

" In the event that the income derived therefrom shall not be sufficient to care for my said wife and daughter, or either of them, and afford them every comfort, convenience and enjoyment, I hereby authorize, empower and direct my said trustee to use such portion or all of the corpus of this trust as in its judgment it may deem necessary or advisable to afford my said wife and daughter such comfort, convenience and enjoyment.

" I hereby direct that said trust shall terminate upon the death of either my said wife, Ida E. Hull, or my daughter, Elizabeth S. Hull, in which event, I hereby give, devise and bequeath to the survivor thereof the corpus of said trust together with all accumulated income derived therefrom."

On the 12th day of July, 1929, Ida E. Hull, the widow of said testator, by an instrument duly and properly executed in form, conveyed whatever right, title and interest she had as such *cestui que trust* in and to the real estate owned by said decedent at the time of his death to said Elizabeth S. Hull, the other *cestui que trust*, and on the same day the said Ida E. Hull, by a separate instrument, duly and properly executed in form, assigned her interest as such *cestui que trust* and legatee, under the will herein, to said Elizabeth S. Hull, the other *cestui que trust*.

By reason of the aforesaid facts, said Elizabeth S. Hull demands that said trust be declared terminated, and that it be decreed that she is vested with the entire funds of said trust estate, and that said trustee be directed to turn the same over to her.

The question presented is as to whether or not the income and remainder have been merged so as to terminate said trust.

The trust is a trust both in realty and personalty. Said Elizabeth S. Hull urges that said trust is alienable and does not come within the prohibition of section 103 of the Real Property Law and section 15 of the Personal Property Law (as amd. by Laws of 1911, chap. 327), inasmuch as the trustee herein has the right to apply principal

to the support, comfort and maintenance of said *cestui que trust*, as well as the income, in case the income sohuld prove insufficient for their every comfort, convenience and enjoyment.

It will be noted that, in and by the 1st paragraph of said 5th provision of the will creating the trust, the primary, fundamental and obligatory trust is simply and solely one to collect and pay over income.

The question at issue was considered and determined in *Matter of Wentworth* (230 N. Y. 176, 184), in which opinion Chief Judge HISCOCK held and determined that such provision was merely an auxiliary and incidental feature, and that the trustee was so authorized for the purpose of securing the fundamental object of the trust, that is, the support and maintenance of the beneficiary, by using some of the principal if it was deemed necessary.

The question as to whether or not the interest of the beneficiary of a trust to receive the income for life can be transferred or merged in the remainder so as to terminate the trust, where the *cestui que trust* has become vested with the remainder, was considered by Surrogate FOLEY in *Matter of Lee* (114 Misc. 511), who held that such a trust is indestructible and that the payment of the principal of the fund to the person in whom is vested both life estate and the remainder cannot be made, citing *Dale* v. *Guaranty Trust Company* (168 App. Div. 601); *Cazzani* v. *Title Guaranty & Trust Company* (175 id. 369; affd., 220 N. Y. 683); *Matter of Wentworth* (230 id. 176). This decision was also followed in *Matter of Lensman* (137 Misc. 77).

It is quite evident that the trust thus created is one to receive the income, rents and profits thereof and apply them to the use of another person, and is indestructible, and that to permit the petitioner to take the principal at this time would be in contravention of the clearly expressed wish of the testator.

The application is denied, a decree to be entered accordingly; costs to be taxed upon two days' notice.