In the Matter of the Estate of NATHAN C. SOLOMON, Deceased.

Surrogate's Court, New York County, November 9, 1933.

*Kurzman & Frank,* for the petitioner.

*Davis, Polk, Wardwell, Gardiner & Reed,* for the trustee, Guaranty Trust Company of New York.

DELEHANTY, S. The widow of decedent, as testamentary guardian of the infant son of decedent, petitions this court for an order directing the trustee of a fund created by decedent's will to pay over to her for the benefit of her ward a portion of the principal of such trust fund.

Testator died April 26, 1920. By his will he bequeathed and devised all of his residuary estate in trust with direction to pay one-half of the income to his widow during her life and to pay to his son and his daughter, respectively, one-quarter each of such income. The fifth paragraph of the will contains direction to pay to the son one-quarter of the principal of the estate upon the attainment by the son of age twenty-five. Provision is made that upon the death of the widow the son and daughter receive in equal shares the income theretofore payable to the widow. The will is silent as to the disposition of the remainders limited on the life of the widow and is also silent as to the disposal of the capital upon which income is payable to the son and daughter if either should die before attaining age twenty-five.

Satisfactory showing is made that the assets of the trust estate have shrunk in value materially by reason of the present economic depression and that the income derived therefrom has been greatly reduced. Sufficient facts are shown to warrant the exercise by the court of its discretion in favor of granting the application if power resides in the court to do so.

Prior to the enactment of the original Personal Property Law (Laws of 1897, chap. 417, § 3) courts of equity had exercised the power in emergencies to invade the principal of a trust fund such as the one here under consideration. The section cited is now section 15 of the existing Personal Property Law. The legislative policy declared therein precludes the granting of this application. The invasion of the principal and the consequent partial destruction of the trust established for the infant son of testator is beyond the power of this court to authorize. The cases cited by petitioner have no application since they interpreted the law as it existed before the enactment of the presently effective statute. The application must be denied. (*Matter of Wentworth*, 230 N. Y. 176; *Dale* v. *Guaranty Trust Company*, 168 App. Div. 601; *Matter of Lee*, 114 Misc. 511; *Matter of Perry*, 126 id. 616, at p. 619; *Matter of Bendick*, 149 id. 415.) Submit order accordingly.