In the Matter of the Estate of FERDINAND OPPENHEIMER, Deceased.

Surrogate's Court, New York County, March 16, 1936.

*Goldwater & Flynn* [*John F. Brennan* of counsel], for the trustee of trust funds for the benefit of infants.

*Sidney R. Fleisher*, for Maurice S. Goodman, general guardian of Susan, Peggy and Barbara Goodman, infants.

DELEHANTY, S. This is an application for a construction of the will and for an order directing the trustee to pay to the general guardian the sum of $1,506.51 from accretions to the trust corpus. Paragraphs fifth and ninth C of the will create a trust for the surviving children of Beatrice O. Goodman until they respectively reach the age of twenty-eight years, when they are to receive the principal. It is provided that " Meanwhile such child is to receive the income, increase and profits from said trust."

Heretofore the court authorized the trustee to pay to the guardian for the maintenance of his wards so much of the income as by separate order should be authorized by the court having supervision over the acts of the general guardian. Orders for maintenance and reimbursement so obtained by the general guardian provide for payment to him of $1,506.51 in excess of the income in the hands of the trustee.

The market value of the securities in the trust as of December 5, 1935, show an appreciation in value of $19,393.55 over the original inventory value. The general guardian contends that this is an " increase " and that the use of the word " increase " in the above quoted provision entitles him to the payment of the sum of $1,506.51 from these accretions of the trust corpus. No such intent may be attributed to this testator. Throughout the will, wherever it became necessary to refer to income, the expression " income, increase and profits " is used. Whenever he so desired, as in the provisions for the primary life beneficiaries, the testator authorized an invasion of the principal " over and above the income, increase and profits." " Increase " and " profits " as used in this will are redundant words expressing nothing more than the word " income." (*Linsly* v. *Bogert*, 33 N. Y. Supp. 975; affd., 87 Hun, 137; affd., 152 N. Y. 646; *Matter of Proctor*, 85 Hun, 572; *Matter of Eger*, 139 Misc. 59.)

The contention that regardless of the construction placed on the word " increase," the relief sought may be granted as an appli-

cation under section 194 of the Surrogate's Court Act, is overruled. The will creates a valid trust which is indestructible. (Pers. Prop. Law, § 15; Real Prop. Law, § 103.) Neither the parties interested nor the court may ignore the provisions of the trust as expressed in the will. (*Matter of Wentworth*, 230 N. Y. 176; *Metcalf* v. *Union Trust Company*, 181 id. 39; *Cuthbert* v. *Chauvet*, 136 id. 326; *Douglas* v. *Cruger*, 80 id. 15; *Matter of Hull*, 141 Misc. 288.)

Submit, on notice, decree construing the will and denying this application for payment.