In the Matter of the Estate of RICHARD J. SHELLY, Deceased.

Surrogate's Court, Kings County, April 16, 1936.

*John F. X. McGohey* [*John C. Crary* of counsel], for the petitioner, Linda Malone, as administratrix c. t. a. of Richard J. Shelly, deceased.

*Jacob Nudell*, for the claimant Peter Burke, as administrator of Ella T. Shelly, deceased widow of decedent.

*Edward McLoughlin* appears in person as a creditor.

*Sobel & Brand*, for Hoboken Bank for Savings, as assignee of a residuary legatee.

*Gray & Tomlin*, for the Home for the Aged, Little Sisters of the Poor, one of the residuary legatees.

WINGATE, S. The second item of the present will bequeathed all of testator's property to his wife " for her use and benefit during lifetime, it being my intention that my said wife may have, use and dispose of any and all of the principal and income of said property, real, personal and mixed, during her lifetime, and is not to be limited to merely the income, interest or increment thereon, and upon the death of my said wife I give, devise, and bequeath any residue and remainder of my said estate which has not been used or disposed of by my said wife, to the following named persons in the proportions set forth here." Then follow seven named legatees with specified percentages after their names.

Between the time of the death of the testator and her own demise, the widow expended a total of $5,635.36 for her necessary maintenance requirements. Of this she drew and received from her husband's estate $3,111.18. She paid the balance of $2,524.18 from her own resources. Her administrator has now filed a claim against the estate of the husband for the refund of the latter sum.

The claimant has confused the type of gift here present with those for " support and maintenance," which are fully considered in the recent Court of Appeals decision in *Matter of Martin* (269 N. Y. 305) and in this court's opinion in *Matter of Gatehouse* (149 Misc. 648). In those cases there is " merely a gift of a sum of money, the amount of which is ascertainable by a calculation of the component effect of extraneous circumstances and contributing factors, and differs neither in nature nor in kind from an ordinary gift of income, the sole diversity arising from the difference of the factors which unite in determining the particular number of dollars which the donee thereof is entitled to receive." (*Matter of Gatehouse, supra*, pp. 657, 658.)

The most frequently litigated question in such a type of case is as to whether the private resources of the beneficiary must be taken into account in the fixation of the *quantum* of the gift. The rule of adjudication under such circumstances, stated by the Court of Appeals in the *Martin* case (p. 312) is: " The primary question in this class of cases always is, does the will constitute an absolute gift of support and maintenance which it makes a charge upon the income from the estate and upon principal? If so, then the private income of the beneficiary cannot be considered. If, however, the gift is of income coupled with a provision that the principal may be invaded in case of need, the private income of the beneficiary must be considered in determining whether such need exists."

The gift to the widow in the case at bar is wholly different. It is a gift of the use of the avails of the estate coupled with a power of disposal. The situation is identical with that concerning

which the Court of Appeals wrote in *Terry* v. *Wiggins* (47 N. Y. 512, 518): " By the will, the wife took an estate for life  *  *  * with remainder over at her death,  *  *  *  with power in the wife during the continuance of the life estate to defeat the remainder by an act authorized by the testator, to wit: a valid disposal of the subject matter of the devise."

Such a power, in so far as validly executed by the donee thereof, would be effectual to prevent the portion of the property subjected thereto from passing to the named remaindermen.   Like any other power, it is, however, merely an agency for the performance of a specified act (*Matter of Terwilliger*, 135 Misc. 170, 176; affd. on opinion of this court, 230 App. Div. 763; see, also, 142 Misc. 249, 252), and consequently must terminate on the death of the donee.   (*Vincent* v. *Rix*, 248 N. Y. 76, 79.)

The testamentary intent in the will at bar was obviously the same as that declared in *Matter of Ithaca Trust Co.* (220 N. Y. 437, 442); whereas " the testator intended to provide quite unreservedly " for his wife during her lifetime, it was equally his intention that " any remainder of the gift " to his wife " that she did not actually use up, spend, give away or dispose of prior to her death " should pass to the specified remaindermen, named in his will.

Here the testator expressly provided that the portion of his property which had " not been used or disposed of by my said wife " should pass to the remaindermen.   This was a contingently vested gift to the remaindermen subject only to defeat by the wife.   The power in this regard having failed of exercise as to the property now in the hands of the administrator c. t. a., the title of the remaindermen thereto has become absolute by virtue of the express gift of the testator, and its value may not be diminished.

*Matter of Van Zandt* (231 App. Div. 381), upon which the claimant relies, was a gift for support and maintenance and is accordingly not pertinent to the present discussion for the reasons hereinbefore noted.

The claim is accordingly determined to be without legal merit. Enter decree on notice.