JENNIE ROBINSON, Individually, and as Receiver, etc., of the Defendant JOHN H. ROBINSON, Plaintiff, *v.* JOHN H. ROBINSON, THE SILVER CREEK NATIONAL BANK, as Executor and Trustee, etc., of EMORY ROBINSON, Deceased, and GWENDOLYN ROBINSON. DOROTHY ROBINSON and JOAN ROBINSON, Infants, Defendants.

Supreme Court, Erie County, April 10, 1940.

*Francis J. Handel* [*George C. Riley* of counsel], for the plaintiff.

*Frank J. Militello,* for the defendant John H. Robinson.

*Carlton B. Livermore* [*Glenn W. Woodin* of counsel], for the defendant Silver Creek National Bank, as executor and trustee, etc.

*John F. Lane,* guardian *ad litem* and attorney, for Gwendolyn, Dorothy and Joan Robinson.

MALONEY, J.   Plaintiff in this action seeks to obtain (1) a construction of the last will of Emory Robinson, deceased; (2) a decree directing that the trustee pay to plaintiff, as receiver, from the principal of the residuary estate, the amount of certain judgments which plaintiff, individually, has against defendant John H. Robinson for unpaid alimony; and (3) a decree that the trustee be further directed to pay certain sums of money from both income and principal for the support of defendant John H. Robinson and plaintiff wife.

Emory Robinson, a widower, of the town of Hanover, N. Y., made his last will on February 18, 1928.   John H. Robinson, an only son, is one of the defendants.   A decree of separation was granted to plaintiff by this court in December, 1917.   Plaintiff and defendant John H. Robinson had one child, Harlan Robinson, who predeceased the testator, leaving him surviving the infant defendants Gwendolyn Robinson, Dorothy Robinson and Joan Robinson, sixteen, fifteen and ten years of age respectively.   Emory Robinson died on November 9, 1935; his last will was duly admitted to probate by the Surrogate's Court on November 18, 1935, and letters testamentary granted to the executor and trustee, the defendant national bank.

The provisions of said last will in question are the " Second," " Third," and " Fourth," viz.:

" *Second.* I give, devise and bequeath all the rest, residue and remainder of my property, both real and personal, of every name and kind, to the Silver Creek National Bank located at Silver Creek, N. Y., in trust nevertheless, to invest the same and keep the same invested and after defraying all taxes and other lawful charges upon the same, to pay the net income therefrom quarter-annually to my son John Robinson during the term of his natural life, *for his care and support,* and if my trustee shall deem it necessary to pay so much of the principal thereof as my said trustee

shall deem necessary, *for the proper care, maintenance and support* of my said son John Robinson during the term of his natural life, and of what shall be deemed necessary, my trustee shall be the sole judge.

" *Third.* At the death of my said son John Robinson, I direct my said trustee to pay the income received from the balance of said trust fund and property so held in trust by it semi-annually to my grandson Harlan Robinson during the term of his natural life, provided he survives my son John Robinson and myself.

" *Fourth. Subject to the trust and life use herein bequeathed to my son John Robinson and my grandson Harlan Robinson,* I give, devise and bequeath all of said rest, residue and remainder of my property, both real and personal, of every name and kind, unto the children of my grandson Harlan Robinson, him and me surviving, and the issue of any deceased child of Harlan Robinson, *per stirpes* and not *per capita.*"

Up to July 26, 1938, the executor and trustee paid about $1,773.71, the income, to John H. Robinson, and, in addition, $1,160.35 of the principal.

On July 26, 1938, the trustee was served with an order restraining it from paying anything further to John H. Robinson.

On June 12, 1939, an order was made modifying the order last referred to directing the trustee to pay the income equally to the plaintiff and her husband, and defendant trustee has complied with the provisions of that order.

On November 3, 1939, the trustee estimated the corpus of this estate at $12,914.85 and the annual income at $540.

John H. Robinson testified that from 1917 to 1935 his earnings were such as " to carry him." In 1934 he earned $400 and received from his father the sum of $300, which was sufficient for his needs.

I find that the last will and testament of Emory Robinson created a valid existing discretionary trust, and vested the legal title to the corpus of the trust estate in the infant defendants subject to being divested.

In *Matter of Sprague* (129 Misc. 290) the son asserted, as does this plaintiff, that being entitled to the income, with power in the trustee to invade the principal, and the disposition of the estate, he was the absolute owner. The court wrote (at p. 292): " It is the opinion of the court that the trust comes within the provisions of section 96 of the Real Property Law, thereby creating an express trust. * * * The contention that the trustees' discretionary power to devote part of the principal of the trust to the use of the son operated to make the son the owner in fee of the property cannot prevail. (*Matter of Wentworth*, 230 N. Y. 176; *Matter of White*, 125 Misc. 901; affd., 217 App. Div. 750.)"

In *Matter of Wentworth* (230 N. Y. 176) Judge Hiscock wrote (at pp. 184, 185): "It has been questioned whether the trust before us comes within the definition of those trusts which are made inalienable by the statute which has been quoted. This doubt springs from the fact that the trust was not purely and simply one to collect rents and profits and pay over to the beneficiary for his support and maintenance, but also conferred upon the trustee a power in his discretion to apply portions of the principal if in his judgment necessary to such support and maintenance. It has been thought that this may have changed the nature of the trust and withdrawn it from the prohibition of the statute. I do not agree with this view. The primary, fundamental and obligatory trust is simply and solely the one to collect and pay over rents and profits. That was the only trust which the beneficiary could enforce. As a merely auxiliary and incidental feature the trustee was authorized to secure the fundamental purpose of the trust — support and maintenance of the beneficiary — by using some of the principal if he deemed it necessary. But as has been said this was purely a discretionary privilege which could not be enforced and might never be executed."

In *Matter of Hull* (141 Misc. 288) the court wrote (at p. 290):

"The question as to whether or not the interest of the beneficiary of a trust to receive the income for life can be transferred or merged in the remainder so as to terminate the trust, where the *cestui que trust* has become vested with the remainder, was considered by Surrogate Foley in *Matter of Lee* (114 Misc. 511), who held that such a trust is indestructible and that the payment of the principal of the fund to the person in whom is vested both life estate and the remainder cannot be made, citing *Dale* v. *Guaranty Trust Company* (168 App. Div. 601); *Cazzani* v. *Title Guaranty & Trust Co.* (175 id. 369; affd., 220 N. Y. 683); *Matter of Wentworth* (230 id. 176). This decision was also followed in *Matter of Lensman* (137 Misc. 77).

"It is quite evident that the trust thus created is one to receive the income, rents and profits thereof and apply them to the use of another person, and is indestructible, and that to permit the petitioner to take the principal at this time would be in contravention of the clearly expressed wish of the testator."

The infant defendants have a vested remainder in the corpus of the trust subject to being divested should the trustee exercise its power of discretion to invade the principal. An analysis of the language of paragraph 4 of the will, *supra*, permits of no other conclusion than that of the conclusion last above stated.

The rule is well settled in this State that a remainder is not to be considered as contingent in any case where, consistently with the intention of the testator, it may be construed as being vested. (*Hersee* v. *Simpson*, 154 N. Y. 496, 500.)

Section 40 of the Real Property Law provides as follows: " A future estate is either vested or contingent. It is vested, when there is a person in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates. It is contingent while the person to whom or the event on which it is limited to take effect remains uncertain."

Where the only words of gift are found in the direction to divide or pay at a future time, the gift is future, not immediate; contingent, not vested; and where the division is to a class of persons, it vests in those who answer the description and are capable of taking at the time of distribution. But, if the postponement of the payment is for the purpose of letting in an intermediate estate, then the interest shall be deemed vested at the death of the testator and the class of legatees is to be determined as of that date and futurity is not annexed to the subject of the gift. And where there are words importing a gift in addition to the direction to the executor or trustee to pay over, divide or distribute, the general rule of construction does not govern, because the language employed, outside of direction to divide or distribute, imports a gift, and, therefore, the situation is precisely as if the will contained words of gift. (7 Heaton on Surrogates' Courts [5th ed.], § 575, pp. 426, 427.)

The intermediate or precedent estate is that of the son John. Upon his death the infant defendants in being have an immediate right to the possession of the property. The corpus is, therefore, vested in them.

The postponement of the payment of the corpus to the infant defendants was for two purposes: (1) To let in the intermediate estates of defendant John H. Robinson and testator's deceased grandson, Harlan Robinson; and (2) to permit the trustee, in its discretion, to make advances to defendant John H. Robinson, but only as the trustee deemed it proper.

There is in this will no direction to divide or pay. On the contrary, there are words of direct devise and bequest to the infant defendants. Upon the death of the defendant John H. Robinson the infant defendants will have an immediate right to the possession of the property. The corpus is, therefore, vested in them, subject to divestiture, but only in the event and to the amounts that the trustee shall exercise its discretion to invade the principal.

(*Matter of Terwilligar*, 135 Misc. 170, 183; affd., 230 App. Div. 763; *Matter of Leonard*, 143 Misc. 172; *Matter of Hungerford*, 158 id. 317.)

The power given to the defendant trustee in its discretion to pay part of the principal for the care, maintenance and support of the defendant John H. Robinson does not change the remainder from a vested to a contingent remainder. The remainder is vested subject to diminution in amount by invasion of the principal by the trustee in its discretion. (*Matter of Johnson*, 212 App. Div. 768; *Matter of Shelly*, 159 Misc. 23; *Matter of Mancuso*, 170 id. 298.)

The court should not substitute its judgment and discretion for that of the trustee so long as it acts within proper limits, nor in any event until there should be an entire failure or refusal on the part of the trustee to perform its duty. There is no evidence in this case that the trustee has not acted within proper limits or that it has failed or refused to perform its duty. On the contrary, the evidence is that up to July 26, 1938, the trustee paid the entire income and a substantial amount of the principal to the defendant John H. Robinson. On that date the trustee was served with an order restraining it from making any further payments. That order is still in force and effect, except for a modification which permits the trustee to pay the income to the plaintiff and defendant John H. Robinson in equal shares.

The provision of the order restraining the payment of principal has never been modified or vacated. A motion by the defendant John H. Robinson to modify the terms of the order is now pending as to payment of principal. Mr. Philip Halpern, an attorney of this city, was appointed guardian *ad litem* of the infants named as defendants herein for the purposes of that motion.

The defendant trustee is, under the circumstances, not allowed or permitted to exercise its discretion, and this court, at least until there is such a refusal, should not substitute its discretion for that given to the trustee by the testator, and, in no event, should the court direct a specific sum to be paid to a beneficiary.

In *Matter of Shea* (234 App. Div. 176) the trustee was given power to pay over such part of the income as in its judgment should be necessary for the beneficiaries' maintenance and, if the income should not be sufficient, to use such portion of the principal as might be necessary. The beneficiaries petitioned the surrogate, requesting an order requiring the trustees to pay over to petitioners an amount sufficient for their comfort, support and maintenance out of their respective trusts. After the hearing, the surrogate made an order directing a certain sum to be paid weekly.

The Appellate Division in reversing the decision of the surrogate stated (at pp. 179, 180):

" The court should not be burdened with the duty of administration, nor required, nor permitted to substitute its judgment and discretion for that of the trustees so long as they act within proper limits; nor in any event until there is an entire failure or refusal on the part of the trustees to perform their duty. Here there is no such refusal. * * *

" It is for the trustees to determine the amount necessary for the comfortable support and maintenance of the respective *cestuis que trustent* in accordance with their station in life, and if within those limits the trustees act faithfully and diligently, the courts will view their acts with indulgence, and will not hold them responsible for mere mistakes or errors of judgment. (39 Cyc. 295.) (See, also, *Roosevelt* v. *Roosevelt*, 6 Hun, 31; affd., 64 N. Y. 651; *Holden* v. *Strong, supra.*)

" The determination of the surrogate is substantially the same as if he had construed the provision of the trust to provide a payment of only fifteen dollars per week to each life beneficiary. This is entirely different from the declared intention of the testator. If the testator had intended to provide a specific and definite sum to be payable to the life beneficiaries, undoubtedly he would so have declared. But the provisions of the trusts manifest an entirely different intention by which he vested the discretion in his trustees to make payments in accordance with the varying needs and possible changes in the situation and condition of the life beneficiaries."

The plaintiff has demanded that the trustee be compelled to file an account. The plaintiff claimed that the account was not proper in that it failed to list among the assets a certificate of participation in Equity Fiduciary Corporation and a bond of Hotel D'Alba. As to the Equity Fiduciary Corporation, the trustee for Ven Chu-Co. Trust, there was, apparently, some misunderstanding on the part of the trustee as to these two items. The trustee, however, meticulously reported in its account each and every item of income received from that source. The bond of the Hotel D'Alba, at the time of testator's death, was in the possession of the Bank of Forestville, and not turned over to the trustee defendant until the year 1939. There is not a scintilla of evidence in the entire record to warrant a finding that the defendant trustee ever attempted to conceal any item of either principal or income.

The order of July 26, 1938, restraining the trustee from making further payments to John H. Robinson was modified June 12, 1939, by a further order of this court to the effect that the trustee may pay the income from the trust equally to plaintiff and her husband.

The later order is in accord with the opinion in *Wetmore* v. *Wetmore* (149 N. Y. 520, 529): " Equity will not feed the husband and starve the wife. Neither will it favor the wife to the detriment of the husband." (See, also, *Ferguson* v. *Ferguson*, 247 App. Div. 24, 26.)

A decree of this court may be entered herein vacating, canceling and setting aside the restraining order of July 26, 1938, as well as the order modifying it dated June 12, 1939. I find and decree the last will and testament of the testator herein created a valid discretionary trust, that the title to the corpus of said trust was and is vested in the infant defendants, subject to being divested therefrom at the discretion of the trustee. (a) That the trustee is directed by said trust to receive, invest and reinvest the corpus of the trust and pay the increment therefrom quarterly to defendant John H. Robinson for his care and maintenance. (b) That such purpose includes the reasonable support and maintenance of plaintiff, the wife of the *cestui que trust*. (c) That the net income of the corpus of said trust received by the trustee be distributed and paid to plaintiff and her husband in equal shares quarterly for their support and maintenance. (d) The trustee in its discretion, if it so determine, may pay from time to time or at regular intervals so much of the corpus of said trust fund as it deems necessary for the proper care and maintenance and support of the said John H. Robinson. (e) The trustee in the exercise of its discretion may and should consider, in determining whether or not the trust be invaded for the benefit of the *cestui que trust*, that he has a dependent wife and is legally bound to support and maintain her. (f) If in the event that the trustee in the exercise of its duties finds that the income from the corpus of the estate has been and is insufficient for the reasonable support and maintenance of the *cestui que trust* and his dependent wife, then the trustee is obligated to make such invasion of the corpus as to carry out the intentions of the testator, and in this respect it may make an allowance from July 26, 1938, to the present date, if in its good judgment, due to the effect of the restraining order of that date, adequate funds were not available for such purpose. (g) The plaintiff is entitled to one-half of the moneys paid or to be paid by the trustee for the support and maintenance of the said John H. Robinson from July 26, 1938, whether paid or to be paid from the income or the corpus of the trust fund. (h) The trustee in determining the amount of money, if any, to be paid out of the corpus shall have in mind the ordinary and necessary comforts required by persons of their age, health and station in life.

Let judgment enter accordingly.