HELEN WHEDON, Plaintiff, *v.* SPENCER H. WHEDON, Defendant.

Supreme Court, Erie County, May 21, 1941.

*Desbecker, Fisk, Deckop & Conners* [*Joseph E. Conners* of counsel], for the plaintiff.

*John W. Van Allen* [*Archibald M. Laidlaw* of counsel], for the defendant.

*Kenefick, Cooke, Mitchell, Bass & Letchworth* [*Daniel J. Kenefick* of counsel], for the Marine Trust Company as trustee.

MALONEY, J. A final judgment of divorce was entered herein on August 13, 1930, in favor of plaintiff against defendant providing for the payment to plaintiff by defendant of $100 each month for her support and maintenance. Defendant is in default in making such payments to plaintiff since June 1, 1937. A judgment for the accrued amount thereof was entered December 1, 1940. Plaintiff is unable to collect any part of the same from defendant.

It appears that defendant's only asset is a trust fund created by defendant's father on December 18, 1936. The Marine Trust Company was appointed and is now acting as such trustee.

On January 3 1941, th's court granted an order requ'ring the defendant to show cause why an order of sequestration and appointing a receiver of his personal property should not be granted and why the receiver should not be directed to take possession of the income and principal of said trust fund when and as the same shall be due and payable to defendant and to hold the same subject to the further order of the court, and to apply the same when and as the court so orders, to apply the amount so ordered to be paid on his past and future indebtedness and why the trustee should not be directed to pay such principal and income if and when the same became due. On the adjourned return day thereof defendant's

counsel objected to the granting of the relief so sought by plaintiff as aforesaid on the ground that in the absence of notice to the Marine Trust Company as trustee, of the order to show cause herein and the trustee not being before the court, such an order was not authorized nor would it be binding on the trustee who was not a party to the action. The court adjourned the argument on the order to show cause herein so as to allow plaintiff to obtain and serve notice on the trustee in the form of an order to show cause addressed to said trustee, returnable on the adjourned date of the original motion. Counsel appeared for the trustee in opposition to the motion on the return day of the order and in addition thereto requested the court to allow him to furnish an answering affidavit on behalf of the trustee. The court granted such request and answering affidavits were submitted by the trustee. The court will consider both the orders to show cause as consolidated for the purpose of decision herein.

The law of this State is well settled that the court should not substitute its judgment for that of the trustee  The courts will not assume to interfere with the administration of the trust or by order limit, enlarge or direct the trustee to disburse or to pay any of the principal or income in its possession in a trust such as this. The law may step in in the event of fraud or the arbitrary abuse of discretion by a trustee or the refusal or failure to perform its duty. (*Robinson* v. *Robinson*, 173 Misc. 985.) Such is not the case herein.

Section 1171 of the Civil Practice Act provides that this court may sequester the real and personal property, rents, income and earnings of a delinquent husband who has failed to make payments decreed to be made to the wife. The defendant herein is in default The plaintiff has entered judgment against defendant. No part of the judgment has been paid. Failure to sequester defendant's property of whatever kind and nature may preclude plaintiff wife from successfully obtaining an order to punish him for contempt of court. (Civ. Prac. Act, § 1172.)

The court, recognizing the decision of Mr. Justice TAYLOR in an accounting proceeding had by the trustee herein as well as having in mind the legal rights and prerogatives of the trustee herein and with no intention to interfere and complicate the rights of any of the parties in interest as fixed by Mr Justice TAYLOR, nevertheless, pursuant to the statute, *supra*, is of the opinion that an order of sequestration should enter herein for the benefit of the parties hereto as to all payments thereafter to be made to defendant. Such an order is in accord with the opinion in *Wetmore* v. *Wetmore* (149 N. Y. 520, at p. 529): " Equity will not feed the

husband and starve the wife. Neither will it favor the wife to the detriment of the husband."

Let an order of sequestration issue to the trustee herein to the effect that if, as and when in the future there is any distribution to be made out of the income and/or principal of the trust funds herein to defendant, all such payments be made to plaintiff as receiver to be disbursed by her only as ordered by this court.

Let order enter accordingly.