ABBIE M. RIDGE, Respondent, v. FRANK E. FELT, as Substituted Trustee under Trust Indenture Dated April 29, 1913, et al., Defendants, and GEORGE H. OLDRING, as Administrator with the Will Annexed of the Estate of GEORGIA B. MURPHY, Deceased, Defendant-Appellant.— Action to obtain a declaratory judgment, in which plaintiff, the life beneficiary of a valid *inter vivos* trust of personal property, seeks to terminate the same after the death of the settlor thereof, which has occurred. The defendant Oldring, as administrator *c. t. a.* of the estate of Georgia B. Murphy, deceased, moved at Special Term to dismiss the amended complaint, in effect, upon the grounds (1) that it did not state facts sufficient to constitute a cause of action; (2) that there had been a prior adjudication binding on plaintiff; and (3) that the action was prematurely brought. The appeal is from an order denying that motion. Order reversed on the law, with ten dollars costs and disbursements, and the motion to dismiss the amended complaint granted, with ten dollars costs, upon the sole ground that the amended complaint does not state facts sufficient to constitute a cause of action. In our opinion, as the amended complaint is insufficient and should be dismissed, the other grounds urged as bases of dismissal are academic and need not be considered. The pleading in question represents an attempt on the part of the plaintiff, life beneficiary of an *inter vivos* trust, to terminate the same, which is indestructible (Personal Property Law, § 15) after the death of the settlor. It does not state facts sufficient to constitute a cause of action. (*Lent* v. *Howard*, 89 N. Y. 169, 181; *Metcalfe* v. *Union Trust Co.*, 181 N. Y. 39; *Dale* v. *Guaranty Trust Co.*, 168 App. Div. 601; *Matter of Lensman*, 137 Misc. 77, and cases cited; *Matter of Leonard,*

151 Misc. 558, 562; *Matter of Crane*, 34 N. Y. S. 2d 9, 13 [not officially reported].)  Close, P. J., Carswell, Johnston, Taylor and Lewis, JJ., concur.