■     VIOLET B. COOK, Appellant, v. CITY BANK FARMERS TRUST COMPANY, Respondent.— Appeal from an order and judgment of the Supreme Court, Schenectady County, dismissing the complaint in an action for a declaratory judgment. Under the terms of an *inter vivos* trust created by the plaintiff's mother, now deceased, the income of the trust was to be paid first to the donor during her lifetime and then to the plaintiff during her lifetime, and, upon her death, the principal was to be paid over to the issue of the plaintiff, if any then surviving, and, in the absence of such issue, " to such persons and in such proportions " as the plaintiff might by her last will and testament designate and appoint. The plaintiff has no issue and she asserts that by reason of a surgical operation there is no longer any possibility of issue. She asks that the trust be declared void " as against the rule against perpetuities " and that the court direct that the principal and accumulated income be paid over to her as the executrix and sole residuary legatee under the will of her mother. It is the plaintiff's theory that the absence of any express provision for a disposition of the corpus of the trust in the event of the nonexercise of the power of appointment left the title to the corpus in suspension. The Special Term correctly rejected this contention as being without merit. There was an implied reversion to the donor, in default of exercise of the power of appointment. Since the plaintiff is the residuary legatee under the donor's will, this reversionary interest passed to her. The corpus of the trust will, therefore, ultimately pass to the persons designated in the plaintiff's will, if she exercises her power of appointment, but, if she dies intestate and fails to exercise the power, the corpus will pass to her distributees. The plaintiff would like to terminate the trust and reach the corpus during her lifetime but this she may not do under the terms of the trust. It is true that the plaintiff is the only person who now has any beneficial interest in the trust but the trust is an indestructible one under section 15 of the Personal Property Law and it must be carried out in accordance with the donor's directions. (Restatement, Trusts, § 337, comment 1, illustration 21; *Ridge* v. *Felt*, 267 App. Div. 777.) The donor's power to revoke the trust under section 23 of the Personal Property Law was personal to her and terminated upon her death; it cannot be exercised by her executor or legatee (*Culver* v. *Title Guarantee & Trust Co.*, 296 N. Y. 74). Order and judgment unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.